OPINION
{¶ 1} Defendant-appellant Michael Davis appeals from his conviction and sentence on one count of Gross Sexual Imposition, a felony of the fourth degree. Davis was originally charged with two counts of Gross Sexual Imposition, as felonies of the third degree, involving the same victim on the same day, and with one count of Burglary, also involving the same victim on the same day.
 {¶ 2} Pursuant to a plea bargain, one count of Gross Sexual Imposition was amended by deleting the element that the victim was under 13 years of age, and by adding the element that the sexual contact was compelled by force or by the threat of force, thereby reducing the Gross Sexual Imposition offense from a third degree felony to a fourth degree felony. The other two counts were dismissed, and the parties agreed to a maximum sentence of 18 months for the Gross Sexual Imposition offense to which Davis pled guilty.
 {¶ 3} The trial court conducted a plea hearing, and engaged in an appropriate colloquy with Davis, eliciting that he understood the nature of the charge pursuant to the indictment before amendment, and that he understood the nature of the charge, as amended, to which he was pleading guilty. The trial court further established that Davis was competent, that he was satisfied with the advice and the assistance of trial counsel, that he understood the constitutional rights he would be waiving by pleading guilty, and that no promises had been made to him, other than the terms of the plea agreement.
 {¶ 4} Following the colloquy, the trial court accepted Davis's plea, imposed the agreed-upon maximum sentence of 18 months, and classified Davis as a sexually oriented offender. From his conviction and sentence, Davis has appealed.
 {¶ 5} Davis's appellate counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, indicating that he can find no assignments of error having arguable merit. We afforded Davis the opportunity to file his own, pro se brief, but he has not done so.
 {¶ 6} We have complied with our duty, pursuant to Anders v.California, supra, to review the record independently. Based upon our independent review of the record, we have determined that there are no potential assignments of error having arguable merit, and that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.
WOLFF and GRADY, JJ., concur.